UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GUESTHOUSE INTERNATIONAL FRANCHISE SYSTEMS, INC. <br><br> v. <br><br> BRITISH AMERICAN PROPERTIES MACARTHUR INN, LLC, THOMAS F. NOONS AND EDWIN W. LESLIE | § § § § § § § § § | NO. 4:09-MC-00148 <br><br> JUDGE VANESSA D. GILMORE |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS REGISTRATION OF JUDGMENT AND TO QUASH WRIT OF EXECUTION**

Defendants Thomas F. Noons and British American Properties MacArthur Inn LLC hereby submit this memorandum of law and argument in support of their motion to dismiss the registration of (Dkt. No. 1) and to quash the writ of execution (Dkt. No. 2) issued on of the March 23, 2009 Final Judgment issued by the United States District Court of the Middle District of Tennessee:

**Pertinent Procedural History**

On March 23, 2009, the United States District Court for the Middle District of Tennessee entered a Final Judgment against all of the defendants in this case.

On April 7, 2009, plaintiff obtained a Clerk's Certification of a Judgment to Be Registered in Another District from the Clerk of Court for the United States District Court for the Middle District of Tennessee.

On April 8, 2009, plaintiff filed the Clerk's Certification issued by the Middle District of Tennessee's Clerk of Court in this Court. (Dkt. No. 1).

On April 16, the Clerk of Court for this Court, presumably at the request of the plaintiff, issued a Writ of Execution. (Dkt. No. 2).

On April 21, 2009, Defendants BAP MacArthur and Noons filed their Notice of Appeal in the Middle District of Tennessee. (Attached to Notice of Filing).

**The Registration and Writ of Execution are Premature**

The registration of a judgment issued by another district court is governed by 28 USC § 1963, which provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

*See* 28 U.S.C. § 1963. *See also Home Port Rentals, Inc. v. International Yachting Group, Inc.*, 252 F.3d 399, 404, n. 6 (5th Cir., 2001). In this case, the March 23, 2009 judgment has not become final by appeal. When the registration was made on April 8, 2009, the time for appeal had not expired. And, the plaintiff did not move in the United States District Court for the Middle District of Tennessee for an order that a certified copy be entered in this district, let alone show good cause. *See* Docket Sheet from United States District Court for the Middle District of Tennessee, attached to Notice of Filing. As one court noted, "[t]he statute's plain meaning is that a judgment may be registered when it has become final or, at any other time, for good cause shown." *See Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F.Supp.2d 49, 51 (D. D.C., 2006). *See also F.D.I.C. v. McFarland*, 243 F.3d 876, 892 (5th Cir., 2001). Neither has happened in this case.

The time for appeal from the entry of a final judgment is 30 days. *See Id*. at 892, n. 86. *See also* Fed. R. App. P. 4(a)(1)(A). Thus, these defendants had 30 days from March 23, 2009 to

file their Notice of Appeal.  They filed their Notice of Appeal timely on April 21, 2009.  A judgment may not be certified for registration if the time for appeal has not yet expired.  *See In re Grand Jury Proceedings*, 795 F.2d 226, 230-231 (1st Cir., 1986).  Further, "permission to register should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond." *See Spray Drift Task Force.*, 429 F.Supp.2d at 51.

There is no question that the certification by the Clerk for the Middle District of Tennessee was premature.  The certification occurred 15 days before these defendants' 30 day time period for filing their Notice of Appeal.  Because this time had not yet expired when the certification was issued (or when it was registered in this Court), the registration is premature.  That registration should be dismissed.  Additionally, the Writ of Execution thereon, being the fruit from the poisoned tree, should be quashed.

WHEREFORE, for the reasons stated in the attached memorandum, Defendants pray that this Court Dismiss the Registration of Judgment and that it Quash the Writ of Execution issued thereon.  The Defendants further pray for all other general and equitable relief that this Court deems just and fit.

> Respectfully submitted,
>
> s/ Bernard Wm. Fischman
> _____
> BERNARD WM. FISCHMAN
> ATTORNEY AT LAW
> The Ariel House
> 8118 Datapoint Drive
> San Antonio, Texas  78229
> Telephone: (210) 614-6400
> Facsimile:  (210) 614-6401
>
> ATTORNEY FOR DEFENDANTS
> Thomas F. Noons
> British American Properties MacArthur Inn, LLC

**CERTIFICATE OF SERVICE**

    I, Bernard Wm. Fischman hereby certify that a copy of this Memorandum in Support of Motion to Dismiss and Motion to Quash has been sent via CM/ECF on April 23, 2009 to:

Eugene N. Bulso, Jr.
Leader, Bulso & Nolan, PLC
414 Union Street, Suite 1740
Nashville, TN 37219

                                                s/ Bernard Wm. Fischman
                                                _____
                                                Bernard Wm. Fischman