**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **SUMNER VENTURES, INC.,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**BRITISH AMERICAN PROPERTIES** )<br>**MACARTHUR INN, LLC, THOMAS F.** )<br>**NOONS, and EDWIN W. LESLIE,** )<br>)<br>    **Defendants.** ) | **Case No. 4:09-mc-00148**<br>**Judge Vanessa D. Gilmore** |

**UNOPPOSED MOTION FOR CHARGING ORDER**

The judgment creditor, Sumner Ventures, Inc. ("Sumner Ventures"), pursuant to Fed. R. Civ. P. 69, Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a), and Tex. Rev. Civ. Stat. Ann. art. 6132a-1, § 7.03(a), moves this Court to issue a Charging Order against the interest of the judgment debtor, Thomas F. Noons ("Noons"), in Rockport Greens Development, L.P.

In support of this Motion, Sumner Ventures states as follows:

1.  Sumner Ventures currently holds a judgment against Noons in the principal amount of $441,360.23.  Dkt. 1.

2.  Noons has not satisfied any portion of the judgment, but is the owner of a 25% interest in a Texas limited partnership, Rockport Greens Development, L.P. ("Rockport"). *See* Exhibit 1 hereto.

3.  Fed. R. Civ. P. 69(a)(1) provides that "The procedure on execution. . . must accord with the procedure of the state where the court is located." Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a) provides:

> A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:
>
> (1) cannot readily be attached or levied on by ordinary legal process; and
>
> (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

4. Noons' 25% interest in Rockport is not exempt from execution but cannot be readily attached by ordinary legal process. Pursuant to Tex. Rev. Civ. Stat. Ann. art. 6132a-1, § 7.03(c), "The entry of a charging order is the exclusive remedy by which a judgment creditor of a partner. . . may satisfy a judgment out of the judgment debtor's partnership interest."

5. Tex. Rev. Civ. Stat. Ann. art. 6132a-1, Section 7.03(a) provides:

> On application by a judgment creditor of a partner or of any other owner of a partnership interest, the court may charge the partnership interest of the judgment debtor to satisfy the judgment. To the extent that the partnership interest is charged in this manner, the judgment creditor has only the right to receive any distribution to which the judgment debtor would otherwise have been entitled in respect of the partnership interest.

6. Pursuant to § 7.03(a), therefore, this Court should issue a charging order against Noons' interest in Rockport so that any distributions otherwise due to him as a result of his limited partnership interest will be paid to Sumner Ventures in satisfaction of its judgment.

7. The movant has conferred with the respondent, who has advised that the respondent does not oppose this motion.

Accordingly, the judgment creditor, Sumner Ventures, Inc., respectfully moves the Court to issue a charging order (in the form of plaintiff's Proposed Order) against the interests of Thomas F. Noons in Rockport Greens Development, L.P.

Respectfully submitted,

s/Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr. (No. 12005)
LEADER, BULSO, NOLAN & BURNSTEIN, PLC
414 Union Street, Suite 1740
Nashville, Tennessee 37219
(615) 780-4110

*Attorneys for Plaintiff, Sumner Ventures, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to Bernard William Fischman, The Ariel House, 8118 Datapoint Drive, San Antonio, Texas 78229.

s/Eugene N. Bulso, Jr.
Eugene N. Bulso, Jr.